UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SARABJIT GURON, et al., | 1:09-cv-0867 OWW DLB |
|---|---|
| Plaintiffs, | SCHEDULING CONFERENCE ORDER |
| v. | Cross-Motions for Summary Judgment Filing Deadline: 5/28/10 |
| MICHAEL AYTES, et al., | |
| Defendants. | Oppositions Thereto Filing Deadline: 7/2/10 |
| | Replies Filing Deadline: 7/19/10 |
| | Cross-Motions for Summary Judgment Hearing Date: 8/23/10 10:00 Ctrm. 3 |
| | Settlement Conference Date: None |
| | Pre-Trial Conference Date: 9/27/10 11:00 Ctrm. 3 |
| | Trial Date: 11/16/10 9:00 Ctrm. 3 (CT-1 day) |

I.  Date of Scheduling Conference.

   February 12, 2010.

II. Appearances Of Counsel.

   Law Office of Robert B. Jobe by Katherine Lewis, Esq., appeared on behalf of Plaintiffs.

1

Audrey B. Hemesath, Esq., Assistant U.S. Attorney, appeared on behalf of Defendants.

III. Summary of Pleadings.

    1. This is an immigration case in which Plaintiff challenges the denial of his I-130 visa petitions by U.S. Citizenship and Immigration Services ("USCIS"). Plaintiff asks this Court to vacate and reverse USCIS's finding that Plaintiff is subject to Immigration and Nationality Act § 204(c), 8 U.S.C. § 1154(c).

IV. Orders Re Amendments To Pleadings.

    1. The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

    A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1. Plaintiff, Sarabjit Guron, is a native and citizen of India.

        2. Guron married his first wife, Ana Bonilla, on June 12, 1984.

        3. Ms. Bonilla filed an I-130 visa petition on his behalf, seeking to classify him as an immediate relative of a United States citizen.

        4. On April 22, 1987, the former INS denied the petition, finding that discrepancies in the couple's testimony during an interview made it appear that the marriage was one of convenience and entered into solely for the purpose of gaining immigration benefits.

        5. Ms. Bonilla appealed this denial and the former

INS reopened the I-130 petition.
   B.   Contested Facts.
      1.   Whether the former INS provided adequate notice of an intent to deny the reopened I-130 petition.
      2.   Whether substantial and probative evidence exists that Mr. Guron entered into his marriage to Ms. Bonilla solely for an immigration benefit.
VI.  Legal Issues.
   A.   Uncontested.
      1.   Jurisdiction exists under 28 U.S.C. § 1331 and 8 U.S.C. § 1001, et seq.
      2.   Venue is proper under 28 U.S.C. § 1391.
      3.   The applicable federal law is the Immigration and Nationality Act, 8 U.S.C. § 1001, et seq.
   B.   Contested.
      1.   Whether USCIS permissibly denied the visa application.
      2.   Whether the USCIS violated Mr. Guron and/or Mrs. Guron's right to due process and rendered the instant visa proceedings fundamentally unfair.
VII. Consent to Magistrate Judge Jurisdiction.
   1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.
VIII.   Corporate Identification Statement.
   1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with

its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

   1.   The parties anticipate that Plaintiff's alien file will constitute the whole of discovery in this matter.

   2.   Defendants will provide Plaintiff's alien file to Plaintiff and the Court by March 31, 2010.

   3.   No other initial disclosures are required.

   4.   In the event that discovery beyond an administrative record is necessary, the parties will submit an Amended Joint Scheduling Report.

   5.   The alien file will constitute the Administrative Record.

X. Pre-Trial Motion Schedule.

   1.   All Dispositive Pre-Trial Cross-Motions are to be filed no later than May 28, 2010; any oppositions thereto shall be filed on or before July 2, 2010; replies shall be filed on or before July 19, 2010; and the motions will be heard on August 23, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

   1.   September 27, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

   2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281
and 282 of the Local Rules of Practice for the Eastern District
of California, as to the obligations of counsel in preparing for
the pre-trial conference.  The Court will insist upon strict
compliance with those rules.
XII. Motions - Hard Copy.
         1.   The parties shall submit one (1) courtesy paper copy to
the Court of any motions.  Exhibits thereto shall be marked with
<u>protruding numbered or lettered tabs</u> so that the Court can easily
identify such exhibits.
XIII.  Trial Date.
         1.   November 16, 2010, at the hour of 9:00 a.m. in
Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,
United States District Judge.
         2.   This is a court trial.
         3.   Counsels' Estimate Of Trial Time:
              a.   1 day.
         4.   Counsels' attention is directed to Local Rules
of Practice for the Eastern District of California, Rule 285.
XIV. Settlement Conference.
         1.   A Settlement Conference is not necessary.
         2.   Unless otherwise permitted in advance by the
Court, the attorneys who will try the case shall appear at the
Settlement Conference with the parties and the person or persons
having full authority to negotiate and settle the case on any
terms at the conference.
         3.   Permission for a party [not attorney] to attend
by telephone may be granted upon request, by letter, with a copy

to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

    e. The relief sought.

    f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

  1. None.

XVI. Related Matters Pending.

  1. There are no related matters.

XVII. Compliance With Federal Procedure.

  1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

  1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by

subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **February 12, 2010**       **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE