BENJAMIN B. WAGNER
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2729

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARABJIT GURON,<br><br>　　Plaintiff,<br><br>　v.<br><br>Michael Aytes, et al.<br><br>　　Defendants. | 1:09-cv-867 OWW DLB<br><br>JOINT STIPULATION AND ORDER RE: REQUEST TO HOLD MATTER IN ABEYANCE.<br><br>Hearing Date: August 30, 2010<br>Time: 10 a.m.<br><br>Hon. Oliver W. Wanger |

　　This is an immigration case in which plaintiffs challenge the denial by U.S. Citizenship and Immigration Services' (CIS) of her visa petitions on her husband's behalf. On February 16, 2010, this Court issued a scheduling order setting forth dates for filing the administrative record, summary judgment motions and hearing dates, and trial dates. On May 27, 2010, the Court signed an order modifying the scheduling order to allow for the late filing of the administrative record.

　　For the reasons set forth, the parties now request that the matter be held in abeyance pending the resolution of a currently-pending appeal before the Board of Immigration Appeals. The issues on appeal to the Board of Immigration Appeals overlap substantially with the issues presented in the Amended Complaint, and it is anticipated that the Board's decision will form the final administrative decision on these issues.

　　The parties acknowledge the late nature of this filing and apologize for any inconvenience to the Court.

## I. BACKGROUND.

The Complaint in this action was filed on May 16, 2009. Docket number 1. Plaintiffs Sarabjit Guron and Karam Singh Guron sought review of a United States Citizenship and Immigration Services (USCIS) decision denying an application for a Form I-601 waiver of ground(s) of inadmissibility, arguing that USCIS's conclusion that Mr. Guron is barred from obtaining visa approval pursuant to Immigration and Nationality Act § 204(c), 8 U.S.C. § 1154(c) was erroneous. (Administrative Record at 32, denial of I-601 application). Underlying that decision was a finding that Mr. Guron's previous marriage to Ana Bonilla was fraudulent and entered into for the purpose of obtaining an immigration benefit. AR 32.

The parties stipulated to three preliminary extensions of time as (1) on September 29, 2009, USCIS issued a denial of the 1984 visa petition filed by Ana Bonilla (AR 84), (2) on October 1, 2009, USCIS administratively reopened the visa petition filed by Mrs. Guron (AR 86), and (3) on November 17, 2009, USCIS denied the visa petition filed by Mrs. Guron, reaffirming the bar of INA § 204(c), 8 U.S.C. § 1154(c) (AR 21).

The parties stipulated to allow time for the filing of an Amended Complaint to challenge the November 17, 2009 decision of USCIS. Docket number 17. On December 4, 2009, Plaintiffs filed an Amended Complaint. Docket number 19. The parties stipulated to an extension of time for the filing of an answer to the amended complaint, and on January 14, 2010, the Defendants filed their answer. Docket number 23. The parties then prepared a joint status report and the Court set the scheduling order reflect at Docket number 27, and amended by Docket number 29. On June 7, 2010, Defendants filed the administrative record.

## II. ADMINISTRATIVE APPEAL.

Meanwhile, on January 25, 2010, Plaintiffs took administrative appeal of the November 17, 2009 decision of USCIS. AR 52. This administrative appeal is currently pending before the Board of Immigration Appeals. The appeal seeks to challenge the determination by USCIS that Mr. Guron's marriage to Ana Bonilla was fraudulent. AR 53.

The question presented in the administrative appeal is nearly identical to that presented in the Amended Complaint. The Amended Complaint seeks to challenge USCIS's application of the INA § 204(c) bar, 8 U.S.C. § 1154(c), a bar only applicable upon a finding of fraud with intent to obtain an immigration benefit.

**III. ORDER OF ABEYANCE.**

The parties again apologize for not recognizing the appropriateness of holding the matter in abeyance earlier, particularly before the February 12, 2010 scheduling conference.

However, given the substantial overlap between the issues presented in the Amended Complaint and those on appeal to the Board of Immigration Appeals, the parties believe it is appropriate to hold the matter in abeyance pending resolution of the matter by the Board. The parties propose that they submit a joint status report to the Court by December 20, 2010, advising as to the current status of the case, and that all other filing deadlines, as well as the August 30, 2010 hearing, be vacated.

Dated: June 29, 2010

                        BENJAMIN B. WAGNER
                        United States Attorney

By:   /s/Audrey Hemesath
       Audrey B. Hemesath
       Assistant U.S. Attorney
       Attorneys for the Defendants

By:   /s/ Robert B. Jobe
       Robert B. Jobe
       Attorney for the Plaintiff

## ORDER

Pursuant to this Joint Stipulation and for the reasons stated therein, IT IS HEREBY ORDERED that, good cause having been shown, the matter is held in abeyance pending resolution of the administrative appeal by the Board of Immigration Appeals. The parties are to submit a joint status report no later than December 20, 2010 advising as to the status of the administrative appeal. All other filing deadlines, as well as the August 30, 2010 hearing, are vacated.

IT IS SO ORDERED.

**Dated:   June 29, 2010**　　　　　　　　　　　/s/ Oliver W. Wanger
                                                   UNITED STATES DISTRICT JUDGE